MICHELE MARRA *et al. vs.* MICHELE COLALUCA.

MICHELE COLALUCA *vs.* MICHELE MARRA *et al.*

FEBRUARY 10, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Contracts. Construction.*

In construing a contract, the question always is what was the intention of the parties. If the language is not clear and unambiguous the question whether covenants are dependent or independent must be determined in each case by construing the language used by the parties to express their agreement.

*(2) Contracts. Conditions Precedent.*

When the intention is not clearly expressed courts are not inclined to construe stipulations in contracts as conditions precedent when such construction would work an injustice.

*(3)   Contracts.   Independent Covenants.*

X. entered into an agreement with Y. to purchase a saloon with license to sell intoxicating liquors.   X. paid $400 in cash; conveyed to Y. four lots of land, together with a note for $1,100 payable at the rate of $30 a week. The note provided that failure to pay one or more of the weekly installments would cause the unpaid balance to become due.   The parties further agreed that in case the license was not renewed at a certain date in the future Y. would return the sum of $400;  would reconvey the lots and return the note with the unpaid balance then due, and X. would give a bill of sale of saloon and license.   On the date fixed the license could not be renewed. X. demanded a return of the consideration.   X. was then in arrears on the installments to the extent of $270:—

*Held,* that the promise of Y. was not dependent on the promise of X. to pay the weekly installments as they became due.

*Held,* further, that Y. was entitled to retain the amount of the installments falling due to the given date and he was entitled to a verdict for the amount of the installments to that date, less what he had been paid which he was entitled to retain.

Actions in Assumpsit.   In first action heard on exceptions of defendant and overruled; in second action heard on exception of plaintiff and sustained.

Rathbun, J.   The above causes are actions in assumpsit. In the first case the plaintiffs seek to recover for breach of a written contract the amount paid for one half interest in a liquor saloon.   The second suit was brought to recover the unpaid balance on a note given by the plaintiffs in the first case as a part consideration for the purchase of said interest in the saloon.   In the Superior Court where the cases were tried together the jury returned a verdict for the plaintiffs for $730.80 in the first case and a verdict for the defendants in the second case.

The first case is before us on the defendant's exceptions as follows:   To the refusal of the trial justice to direct a verdict for the defendant;  to the refusal to instruct the jury as requested by the defendant;  to instructions to the jury and to the refusal of said justice to grant the defendant's motion for a new trial.   The second case is before us on the plaintiff's exception to the refusal of said justice to grant the plaintiff a new trial.

On February 17, 1919, Michele, Filomena and Antonio Marra entered into a written agreement with said Colaluca to purchase from the latter a one half interest in a certain saloon together with the license to sell intoxicating liquors. One half interest in the saloon and license was transferred to the Marras who paid for said interest, in accordance with the agreement, as follows: They paid Colaluca $400 in cash, conveyed to him four house lots of the agreed value of $500 and delivered to him a note, signed by the three Marras for $1,100 payable at the rate of $30 per week. The agreement provided that, on failure to pay one or more of the weekly installments on said note, the unpaid balance should become due immediately. The agreement contained also the following provision: "It is hereby mutually agreed by and between the parties hitherto that in case the license now held for said premises is not renewed on July 1st, 1919, to Dec. 1, 1919, on account of the National Government declaring prohibition in the United States of America, then the said party of the first part hereby agrees that he will return the said sum of Four Hundred Dollars paid in cash, will re-deed said premises above set forth by warranty deed free and clear of all encumbrances and return the note with the unpaid balance then due, to the said party of the second part and on the return and delivery of the above consideration, the party of the second part hereby agrees to give a bill of sale of the premises herein conveyed and the interest in the license, free and clear of all encumbrances whatsoever."

Because of war-time prohibition it was impossible on July 1, 1919, to obtain a renewal of said license. Thereafter the Marras demanded a return of the consideration paid for the saloon. The demand was refused and the Marras abandoned the saloon. On July 1, 1919, the Marras were in arrears in the payment of the weekly installments on said note to the extent of $270.

Colaluca contends that the Marras, by failing to pay said weekly installments when due, had broken said agreement and that by reason thereof could not be heard to complain

because he thereafter refused to keep the agreement. Colaluca further contends that the Marras waived any right which they may have had to demand a return of the consideration paid by them.

As to the latter contention, it is sufficient to say that the jury were warranted in finding from the evidence that the Marras did not waive the provision in the agreement relative to the return of consideration in the event that the license could not be renewed because of national prohibition being declared.

Does the failure of the Marras to pay the weekly installments as they became due on said note bar them from maintaining their action for a breach of the said agreement? In other words, was the promise of Colaluca dependent upon the promise of the Marras to pay the weekly installments when due?

(1) In construing a contract the question, of course, always is what was the intention of the parties. If the language is not clear and unambiguous the question whether covenants are dependent or independent must be determined in each case by construing the language used by the parties to express their agreement. 13 C. J. at p. 571, contains the following rule: "When mutual covenants go to the entire consideration on both sides, they are mutual conditions and dependent" but "when a covenant goes only to part of the consideration on both sides and a breach may be compensated for in damages, it is to be regarded as an independent covenant. In order to render this rule applicable, it has been held that defendant should have received a substantial part of the consideration of the covenant which is being enforced against him and that the covenants and consideration in their nature cannot be apportioned." If this salutary rule is applied we must hold that the promise of the vendor, in the event which actually appeared, to receive back the saloon and return the $400 and reconvey the four house lots was not dependent upon the promise of the vendee to pay said installments as they become due. When

the contract was executed the Marras delivered to Colaluca the full purchase price, that is, $400, in cash, $500 in house lots and a note for $1,100 payable in installments. There-after the Marras, long before July 1, 1919, paid on the note installments amounting to $300. The subject of the trans-action was the sale of a one half interest in a saloon which would have very little value after the first day of the follow-ing July if the license could not be renewed. The parties had this fact in mind when they contracted. In the absence of language in the agreement to that effect it is hardly con-ceivable that it was the intention that the vendee should, in the event that national prohibition was declared, forfeit $900 and all installments actually paid, provided a single installment or even several installments were not paid when due. The vendor could bring suit to recover any install-ment overdue and the parties, without providing for any forfeiture, had agreed that the balance of the note would be due immediately if a single installment was not paid at its maturity. When the intention is not clearly expressed courts are not inclined to construe stipulations in a contract (2) as conditions precedent when such construction would work an injustice. 13 C. J. 569.

Colaluca's exception to the refusal to direct a verdict in his favor is overruled and all of his other exceptions are overruled but the order remitting the case to the Superior Court is withheld until final determination by this court of the second of the above entitled cases.

We will now consider the other case in which the parties are reversed. This case is based on said agreement and note and is now before us on the exception of the plaintiff, Colaluca, to the denial of his motion for a new trial. This exception must be sustained. By the terms of the agreement Colaluca was required in the event that the license could not be renewed because of national prohibition being declared, to return the $400, paid when the agreement was executed, re-convey the four house lots "and return the note with the un-paid balance then due" but was not required to return the

money paid as installments on the note. It was apparently the intention, if by reason of national prohibition the license could not be renewed, that the vendor should retain the amount of said installments falling due to July 1, 1919. He received $300, which he is entitled to retain, and on said date, according to the terms of both the note and the agreement, installments to the amount of $270 were due the vendor, and he was entitled to a verdict for that amount with interest.

The defendants may, if they shall see fit, appear on February 12, 1926, and show cause, if any they have, why the case should not be remitted to the Superior Court with direction to enter judgment for the plaintiff for $270 and interest.

*McGovern & Slattery, Fred B. Perkins,* for Colaluca.

*Pettine, Godfrey & Cambio,* for Marra.